(No. 30537.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK HAYES ROSS, Plaintiff in Error.

*Opinion filed May 20, 1948.*

FRANK HAYES ROSS, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (ROBERT M. CRAIN, State's Attorney, of Salem, of counsel,) for the People.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

On January 13, 1936, the defendant Frank Hayes Ross was convicted in the circuit court of Marion County upon his plea of guilty to the crime of larceny and burglary of goods valued at $3.06 from a sandwich shop at Centralia. The record shows that he was arrested for the crime on November 15, 1935, and was held in the Marion County jail until January 13, 1936, on which date he was indicted, arraigned and sentenced to the penitentiary for a term of not less than one year and until discharged by law. He now prosecutes this writ of error to review his conviction, appearing *pro se,* and relying solely on the common-law record.

As grounds for reversal he urges: (1) that he was denied the right of counsel, and, (2) that he was rushed to trial and as a result was denied due process of law. The record here is silent as to the matter of the appointment of counsel. In *People* v. *Wilson,* 399 Ill. 437, adopted at the March term, this court considered and dwelt extensively on the question of the constitutional rights of an accused to counsel under the laws and constitution of Illinois. The authorities and principles set forth there need not be again recited in detail; suffice it to say that

in noncapital cases, where the record is silent and the accused did not on oath state he was indigent and ask that counsel be appointed, he may be considered to have waived a personal privilege and he has not been denied a constitutional right, nor has he been denied due process of law. What was said there is controlling here. The first contention of defendant is without merit.

Defendant next contends that he was rushed to trial the same day he was indicted and was not given an opportunity to prepare his defense, and that as a result he lost certain constitutional privileges and was denied due process of law. The record shows that he was duly admonished of the consequences of a plea of guilty and that he waived a jury trial. Even though duly admonished, defendant, (whom the record discloses had a record of prior convictions,) persisted in his plea of guilty and was sentenced by the court immediately following such plea. The record is entirely silent of any request by defendant for an extension of time. It is further observed that he had been incarcerated for a period of two months subsequent to the arrest and prior to his arraignment. During this time he had ample opportunity to request bail, to request counsel, and to reflect upon the nature of the plea he would present when arraigned. It is not apparent, therefore, from the facts as presented by the record that defendant was rushed into any decisions, or that additional time between arraignment and sentence would have altered his stand or afforded him any constitutional privileges which he had not already been granted or had waived. (*People* v. *Lueckfield,* 396 Ill. 520; *People* v. *Staryak,* 396 Ill. 573.) The second contention of defendant must also fail.

An examination of the record reveals that defendant received a fair and impartial trial consistent with his plea of guilty in the manner provided by law. The judgment of the circuit court of Marion County is therefore affirmed.

*Judgment affirmed.*