(No. 30927.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH BASSINGER, Plaintiff in Error.

*Opinion filed March 24, 1949—Rehearing denied May 11, 1949.*

Joseph Bassinger, *pro se.*

George F. Barrett, Attorney General, of Springfield, and Richard T. Carter, State's Attorney, of Belleville, for the People.

Mr. Justice Thompson delivered the opinion of the court:

Plaintiff in error, Joseph Bassinger, was indicted by the grand jury of St. Clair County at the September term, 1936, on three separate charges of rape. On the three indictments returned plaintiff in error entered pleas of guilty. The causes are brought here on the common-law record which discloses that in each case, before judgment and sentence was rendered, the court fully advised the defendant as to his legal and constitutional rights and the consequences of his pleas of guilty; that plaintiff in error persisted in such pleas and was adjudged guilty of the crime of rape on each of the indictments returned. The record further discloses that before the entering of judgment and sentence evidence was heard by the court with statements of the parties in mitigation or aggravation of the offenses. After such proceedings, plaintiff in error was sentenced on each charge to the Illinois State Penitentiary for a term of 99 years and until duly discharged according to law.

The assigned errors are: (1) That plaintiff in error was denied due process of law for the reason he was in-

dicted and sentenced under two separate indictments, one charging him with forcible rape and another with statutory rape without force on the same person; (2) that he was not furnished with counsel and was tried with such expedition that he was deprived of a fair and impartial trial; and (3) that the court erred in not properly advising plaintiff in error of the consequences of pleading guilty.

As to the first assignment of error we find returned against plaintiff in error two indictments, one alleging force and the other statutory rape of a girl under the age of 16 years. If he was guilty of two separate offenses against the same person, he could, if properly charged, have been found guilty of rape with force, and, on another offense, have been found guilty of statutory rape. The record does not disclose a case here where a defendant is charged with forcible and statutory rape in separate counts pertaining to one act as charged, which would have warranted an instruction as to the form of verdict requiring the jurors to specify upon which count they find the defendant guilty, but hinges on the sole question here as to whether or not he was guilty of two separate acts as charged in two separate indictments. Plaintiff in error in the instant case entered a plea of guilty to both indictments and the court could not have heard evidence of two offenses unless the evidence disclosed that two offenses had been committed. The record discloses the court, before accepting a plea on the indictments, advised the plaintiff in error as to his legal and constitutional rights and the consequences of a plea of guilty, and the court thereupon, on said pleas, adjudged plaintiff in error guilty of the felonious crime of rape in manner and form as charged in the indictments and found his age to be 38 years. Again, before plaintiff in error was sentenced on his plea, the court heard evidence and statements of the parties in extenuation or aggravation of said offenses, and, being fully advised in the premises, plaintiff in error was duly sentenced. Under all the cir-

cumstances here, no objections having been made in any way after a full and extended hearing, we hardly see how it could reasonably be said that plaintiff in error was not admitting his guilt as to the charge in both indictments.

It is a well-established principle that all reasonable intendments not contradicted by the record are to be taken in favor of the validity of the judgment, (*People* v. *Wilson,* 399 Ill. 437; *People* v. *Throop,* 359 Ill. 354; *People* v. *Gerke,* 332 Ill. 583,) and that he who seeks a reversal of a judgment assumes the burden of showing the illegality of the proceeding which resulted in the judgment against him.

As to the appointment of counsel, we find nothing in this record to indicate that plaintiff in error did anything to bring himself within the provisions of the statute authorizing or permitting the court to appoint counsel for him. In the absence of an affirmative showing in the record to the contrary, it will be presumed that the court discharged its duty to the defendant in all respects. (*People* v. *Pecho,* 362 Ill. 568; *People* v. *Corbett,* 387 Ill. 41.) Under the statutory provision, (Ill. Rev. Stat. 1943, chap. 38, par. 730,) the court is required to provide counsel for defendant only when he shall state on oath that he is unable to procure counsel, and in *People* v. *Ross,* 400 Ill. 237, referring to the case of *People* v. *Wilson,* 399 Ill. 437, we pointed out that, in noncapital cases where the record is silent and the accused did not on oath state that he was indigent and ask that counsel be appointed, he may be considered to have waived a personal privilege and he has not been denied a constitutional right, nor has he been denied due process of law. Plaintiff in error was thirty-eight years of age, and, apparently, fully matured and under no disability. His contention cannot prevail with reference to the appointment of counsel.

As to his contention that he was tried with such expedition that he was deprived of a fair and impartial trial, we

find from the record that he was duly admonished and at every step was advised of the consequences of his plea, that the court heard evidence in mitigation of his offense, and that he was only sentenced after the court had been fully advised in the premises. It is not apparent, therefore, from the facts as presented by the record, that plaintiff in error was rushed into any decisions or that additional time between arraignment and sentence would have altered his stand or afforded him any constitutional privilege which he had not already been granted or had waived. *People* v. *Ross,* 400 Ill. 237; *People* v. *Lueckfield,* 396 Ill. 520; *People* v. *Staryak,* 396 Ill. 573.

From an examination of this entire record, consisting of cases Nos. 2110, 2111 and 2112 in the lower court, we are of the opinion plaintiff in error received a fair and impartial trial consistent with his plea of guilty in the manner provided by law. The judgments of the circuit court of St. Clair County are, therefore, affirmed.

*Judgments affirmed.*