**People of the State of Illinois, Plaintiff-Appellee, v. Maximino Alicea, Defendant-Appellant.**

**Gen. Nos. 50,366 and 50,868.**

First District, First Division.

February 20, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Joel M. Flaum and John Divane, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was charged with unlawful possession of narcotics. He was found guilty in a bench trial and sentenced to the State Penitentiary for a period of from five to eight years. The length of the sentence was based on the fact that he had previously been convicted of possession of narcotics.

It is unnecessary to review the facts of the case because defendant does not seek review of the finding of guilty. Only the propriety of the sentence is raised on this appeal. The section of the Criminal Code dealing with the penalties for possession of narcotics is section 22–40 which states, in relevant part, as follows:

> "Whoever violates this Act by possessing, having under his control, manufacturing, or compounding any narcotic drug shall be fined for the first offense not more than $5,000 and be imprisoned in the penitentiary for a period of not less than 2 years or more than 10 years. For any subsequent offense the violator shall be imprisoned in the penitentiary for any term from 5 years to life. Any offense under this Act is a subsequent offense if the violator has been previously convicted of an offense under this Act or any previous Act of this State relating to narcotic drugs . . ."

In order to subject a defendant to the aggravated penalty as a subsequent offender it was necessary, prior to 1959, to state such prior conviction in the indictment or information, and for the jury to make a finding of such prior conviction under the narcotic laws. In 1959, the legislature changed the law by adding the following section which presently appears as c 38, § 22–43, Ill Rev Stats (1965):

> "A former conviction of a subsequent offense shall not be alleged in the information or indictment, as

the case may be, and no evidence or other disclosure of such conviction shall be presented to the court or the jury during the trial of the principal offense unless otherwise permitted by the issues properly raised in such trial. After a plea or verdict or finding of guilty and before sentence is imposed, or after sentence is imposed and before the defendant has received his final and unconditional release and discharge from such sentence, the prosecutor may file with the court a written statement concerning any former conviction of a subsequent offense rendered against the defendant. . . ."

■ Defendant contends that one cannot be subjected to the aggravated penalties unless the State complies with section 22–43. The State, in its brief, accepts the defendant's statement of law. In view of the prior procedure for imposing aggravated penalties, we agree that if such penalties are to be imposed under the present law, the State must in accordance with the Statute, file with the court a written statement, concerning any former conviction.

The State argues in its brief that it complied with section 22–43 when, after the trial and denial of defendant's motions for a new trial and in arrest of judgment, the prosecutor presented to the court a Federal Bureau of Investigation Sheet showing defendant's 1959 conviction of possession of narcotics. Defendant had admitted to his attorney that he had served in the penitentiary for possession of narcotics and this fact was relayed to the court.

Defendant points to the case of People v. Williams, 75 Ill App2d 50, 221 NE2d 48 (1966) where a Federal Bureau of Investigation Sheet was offered to prove prior narcotics convictions. Defendant in Williams objected because none of the names on the sheet were exactly identical with her name. The State confessed error with regard to the proposition stated above that the aggra-

vated penalties cannot be imposed without compliance with section 22–43.

In the instant case the prosecutor filed with the court a written Federal Bureau of Investigation Sheet showing defendant's prior conviction and defendant admitted that he had served in the penitentiary for possession of narcotics. Thus, the court did not act improperly in imposing sentence on defendant as a second offender under the narcotic laws.

For the above reasons the judgment and sentence of the Circuit Court of Cook County, Criminal Division, is affirmed.

Judgment affirmed.

MURPHY, P. J. and BURMAN, J., concur.