**People of the State of Illinois, Plaintiff-Appellee, v. Thomas Satterwhite, Defendant-Appellant.**

**Gen. No. 49,695.**

First District, First Division.

June 30, 1969.

Thomas Satterwhite, pro se, of Joliet, appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Robert B. Rosen, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

After a bench trial appellant was found guilty of the unlawful sale of narcotic drugs. On January 23, 1964, after a hearing in aggravation and mitigation, the trial judge sentenced him to life imprisonment. His post-conviction petition was dismissed, whereupon defendant appealed to the Illinois Supreme Court. On September 29, 1967, the Illinois Supreme Court affirmed the dismissal. People v. Satterwhite, 38 Ill2d 138, 230 NE2d 206 (1967).

Appellant now presents a pro se appeal, which was dismissed previously on his own motion then subsequently reinstated upon the sole issue that error occurred when the trial court sentenced him after the prosecutor recited orally the appellant's past record of convictions rather than filing a written statement thereof. Ill Rev Stats 1963, c 38, § 22–43, provides in relevant parts:

> ". . . After a plea or verdict or finding of guilty and before sentence is imposed, or after sentence is imposed and before the defendant has received his final and unconditional release and discharge from such sentence, the prosecutor may file with the court a written statement concerning any former conviction of a subsequent offense rendered against the defendant. The court then shall cause the defendant to be brought before it; shall inform him of the allegations of the statement so filed, and of his right to a hearing before the court on the issue of such former conviction of a subsequent offense and of his right to counsel at such hearing; and unless the defendant admits such conviction, the court shall hear

462

and determine such issue, and shall make a written finding thereon. . . ."

Appellant contends that the prosecutor *must* file a written statement setting out the prior convictions relying on his interpretation of the statute and the decision in People v. Thompson, 36 Ill2d 478, 224 NE2d 264 (1967). The Thompson case does not involve the question of subsequent offender and the sentence was within the statutory range prescribed for first offenders.

After the guilty finding in the instant case, the prosecutor read into the record a list of the appellant's prior convictions and asked defense counsel, "Is that correct?" The reply was: "That is correct, Mr. Healy." During the same hearing in mitigation and aggravation, the defendant admitted he had sold narcotics and had been convicted, although he denied the sale of narcotics in the instant case.

We are mindful of the prosecutor's failure to file a written statement of former convictions of subsequent offenses rendered against the defendant. Under the circumstances here involved, a written statement was superfluous. After the list of convictions was read, its veracity was confirmed by defense counsel and the defendant himself. There is no doubt as to the accuracy of the statement as recited by the Assistant State's Attorney. We have previously upheld the decision of a trial court in another case in which the prosecutor presented to the trial court a Federal Bureau of Investigation sheet showing prior convictions. In that case, the defendant also admitted the accuracy of the report. People v. Alicea, 80 Ill App2d 133, 225 NE2d 470 (1967).

The judgment and sentence of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.