(No. 43179.—

THE PEOPLE *ex rel.* Edward V. Hanrahan, State's Attorney, Petitioner, *vs.* MINOR K. WILSON, Circuit Judge, Respondent.

*Opinion filed March 16, 1971.*

EDWARD V. HANRAHAN, State's Attorney, of Chicago, (ROBERT A. NOVELLE and ARTHUR L. BELKIND, Assistant State's Attorneys, of counsel,) for petitioner.

GERALD W. GETTY, Public Defender, of Chicago, (SUZANNE M. KOHUT and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for respondent.

Mr. JUSTICE WARD delivered the opinion of the court:

This is an original proceeding for *mandamus* brought by the State's Attorney of Cook County to compel the respondent, one of the judges of the circuit court of Cook County, to expunge an order entered in a cause pending in that court by which probation was granted to a defendant who had been convicted of possession of heroin. It is the petitioner's contention that because the defendant had a previous conviction for the possession of a narcotic drug he was not eligible for probation and that the order was beyond the jurisdiction and authority of the court and was therefore void.

On May 4, 1970, the defendant, Harold Jane, appeared in the respondent's court and entered guilty pleas to four indictments charging unlawful sale of heroin and a fifth indictment charging unlawful possession of a narcotic drug, all in violation of section 22—3 of the Criminal Code. (Ill. Rev. Stat. 1967, ch. 38, par. 22—3.) On these pleas of guilty to the five indictments the respondent found the defendant guilty of possession of narcotic drugs on the last indictment and of possession as the lesser included offense on the other four indictments which charged a sale. At the time of these proceedings the defendant had a record of prior convictions, including a conviction for possession of heroin on March 5, 1969, on which he had been given probation for two years. Over the objections of the assistant State's Attorney, who recommended a sentence of 9 to 20 years under the enhanced penalty provisions of the statute

relating to subsequent offenses, the court granted the defendant probation for five years, with the first year to be served in the house of correction under the work release program.

Section 38 of the Uniform Narcotic Drug Act provides in part: "Whoever violates this Act by possessing, having under his control, manufacturing, or compounding any narcotic drug shall be fined for the first offense not more than $5,000 and be imprisoned in the penitentiary for a period of not less than 2 years or more than 10 years. For any subsequent offense the violator shall be imprisoned in the penitentiary for any term from 5 years to life. Any offense under this Act is a subsequent offense if the violator has been previously convicted of an offense under this Act or any previous Act of this State relating to narcotic drugs or of a felony under any law of the United States or of the District of Columbia relating to narcotic drugs. No probation or suspension of sentence shall be granted to any violator who had been convicted of any subsequent offense." (Ill. Rev. Stat. 1967, ch. 38, par. 22—40.) The respondent contends his order was proper because the prosecution failed to establish properly the defendant's prior conviction as required in section 38c of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1967, ch. 38, par. 22—43) and also because on the basis of the general provisions for probation in the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 117—1) he was not bound to follow the enhanced penalty provisions or those specifically forbidding probation or suspension of sentence. As to the first contention, the respondent apparently takes the position that before an increased sentence under the statute may be imposed, the State's Attorney must file a written statement with the court describing a defendant's prior convictions. Under the circumstances here we consider this contention not to have merit.

The record shows that the respondent was aware of the

defendant's prior conviction for possession and that he was at the time on probation for that offense. At the time of arraignment, the court, when discussing with the defendant the nature of the charges against him and the possible penalties, told the defendant that the court understood that the defendant was then on probation following conviction for possession of a narcotic drug. The defendant told the court that its understanding was correct. The defendant also told the court that the offenses with which he was then charged had been committed while he was on probation for the earlier offense. Later, after the finding of guilt on all charges and during the hearing in aggravation and mitigation, the assistant State's Attorney read into the record, without objection, from record sheets of the Federal Bureau of Investigation and the Chicago Police Department a list of the defendant's former convictions, including that on March 9, 1969, for the possession of heroin, and the granting of two years probation. Neither the defendant nor his counsel challenged these statements. In *People* v. *Satterwhite*, 112 Ill. App. 2d 461, 463, the court held, in a situation resembling the one here, that the filing of a written statement would have been and was unnecessary in view of the defendant's admission of the prior offenses. We consider the holding to be reasonable. The respondent would distinguish *Satterwhite* on the ground that there the defendant's admission of the prior convictions came after a trial and finding of guilty but it is obvious such a difference is insubstantial and irrelevant. Here the defendant in the presence of his counsel admitted his prior conviction. The court was aware of this conviction, the record showing that there had been a conference prior to the formal arraignment in which it had been discussed by the court and the defendant's counsel. For us to hold under the circumstances that the prosecution was required to file, under section 38c of the Uniform Narcotic Drug Act, a duly authenticated copy of

the record of "former conviction" would be sheer formalism. Here it was unnecessary.

It should be observed that the respondent, when he rejected the State's recommendation for sentence, which was based on the enhanced sentence provision of the statute, did not base his rejection on the claimed failure of the State to prove the prior conviction. Rather, his view was that he was not bound to apply section 38 of the Uniform Narcotic Drug Act and was free to follow the general probation provisions of the Code of Criminal Procedure, which are found in article 117. Section 117—1 provides: "A person who has been found guilty of any offense except a capital offense, the sale of narcotics or rape may be admitted to probation * * *." (Ill. Rev. Stat. 1967, ch. 38, par. 117—1.) It is the respondent's position that the defendant was eligible for probation under this section since his conviction was for possession of narcotics and not a sale.

In this we judge that the respondent errs. To us it is clear that the legislature intended, when enacting the new Criminal Code, to take the provisions of the Uniform Narcotic Drug Act and the Hypodermic Syringes and Needles Act and embody them in the Criminal Code as article 22 to constitute a comprehensive law dealing with the question of narcotics and drug abuse. In the committee comments introducing article 22 it is said: "In view of the extensive and comprehensive nature of the Uniform Narcotic Drug Act adopted by the General Assembly in 1957, effective January 1, 1958, the Committee deemed it unwise to attempt any modifications or amendments to the act in conjunction with the Code as a whole. It seems more appropriate to incorporate the sections of the act into the format of the Code and then give special attention to any amendments that may seem indicated at a later date. The Committee, therefore, reserved Article 22 for the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1959, ch. 38, §§ 192.28—1 [through] 192.28—44) and the Hypodermic Syringes and Needles

Act (ch. 38, §§ 192.33 [through] 192.37). * * * It should be noted further that since no changes in this act were attempted by the Joint Committee, a life sentence is still provided for in section 22—40, whereas the life sentence in all other cases is abolished by section 1—7 of this Code." (S.H.A. 1970, ch. 38, art. 22, pp. 421 through 422.) Elsewhere in the comments it is expressed that there was no intent on the part of the legislature to change section 38 (par. 22—40): "It should be specifically noted, however, that the life sentence is still retained in the Uniform Narcotic Drug Act (section 22—40) which was not amended or affected by the other provisions of the substantive code." (S.H.A. 1970, ch. 38, § 1—7, p. 30.) We consider there was a legislative intention to retain a sentence for life as possible punishment under the section of the statute here in question, though this punishment was abolished in other cases under the general provisions of the Code relating to sentencing.

Consistently, we consider, too, that the legislature intended to retain the force of the provision of section 38 (par. 22—40) prohibiting probation for subsequent offenders, despite the general and seemingly contrary provision of section 117—1 of the Code of Criminal Procedure.

The provisions of section 38 which prohibit probation and suspended sentences for subsequent offenders are mandatory. (See *People* v. *Luckey,* 42 Ill.2d 115, 116.) They required the denial of probation to the defendant here and the imposition of a minimum sentence of 5 years in a penitentiary.

The argument suggested by the respondent that the defendant's guilty plea must be vacated because of an inadequate admonition as to the possible consequences of the plea cannot be entertained in this proceeding. It may, of course, be appropriately considered, if necessary, in some future appellate proceeding. The only question before us is whether a writ of *mandamus* should be awarded to require

the respondent to expunge his order of May 4, 1970, granting probation to the defendant. We judge that *mandamus* should be awarded for this purpose.

*Writ awarded.*