(No. 61508.—

ROBERT MORROW, State's Attorney, Plaintiff, v. PATRICK J. DIXON, Judge, *et al.*, Defendants.

*Opinion filed September 20, 1985.*

Robert Morrow, State's Attorney, of Geneva, *pro se,* and Phyllis J. Perko and Cynthia N. Schneider, of the State's Attorneys Appellate Service Commission, of Elgin, for plaintiff.

G. Joseph Weller, of the Office of the State Appellate Defender, of Elgin, for defendant Leon Robert Norks.

JUSTICE GOLDENHERSH delivered the opinion of the court:

We allowed the motion of Robert Morrow, State's Attorney of Kane County (hereinafter petitioner), for leave to file a complaint seeking *mandamus* (87 Ill. 2d R. 381) or, alternatively, a supervisory order (94 Ill. 2d R. 383) directed to Patrick J. Dixon (hereafter respondent), judge of the circuit court of the Sixteenth Judicial Circuit. In a bench trial in the circuit court of Kane County, defendant, Leon Robert Norks, was convicted of unlawful delivery of 10 grams of cocaine, a Class 2 felony (Ill. Rev. Stat. 1983, ch. 56½, par. 1401(c)), and was sentenced by respondent to three years in the penitentiary. Petitioner seeks the issuance of a writ of *mandamus* or, in the alternative, a supervisory order, directing respondent to vacate the sentence imposed on defendant and to impose a new sentence as a Class X offender.

Section 5—5—3(c)(8) of the Unified Code of Corrections (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 1005—5—3(c)(8)), provides:

> "When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second."

At trial, in impeachment of defendant, the People offered certified copies of the records of defendant's convictions in 1978 for burglary and robbery committed in 1978. They also offered in evidence a certified copy of the record showing that in 1980 defendant was convicted

of burglary committed in 1980. The offense in the instant case was committed on April 10, 1984. Section 5—8—1(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(3)) provides that "for a Class X felony, the sentence shall be not less than 6 years and not more than 30 years."

Petitioner contends that the certified records of the judgment of conviction and the listing in the presentence report of defendant's two prior convictions make the imposition of a Class X sentence mandatory. Defendant contends that in order to enhance the sentence the People were required to allege and prove defendant's prior felony convictions. Alternatively, he argues that assuming, *arguendo*, that the People were not required to allege and prove the prior convictions, they should nevertheless be estopped from seeking to invoke the enhancement provisions by reason of their having alleged in the information that respondent was charged with only a Class 2 felony. He argues that the comment of respondent made during the sentencing hearing that the record was not sufficient to warrant enhancement of the sentence is a finding of fact which was not reviewable in a *mandamus* proceeding. Finally, defendant argues that the People should not be permitted to seek a writ of *mandamus* for the reason that defendant has pending an appeal in the appellate court.

It is settled that the authority to set the nature and extent of penalties is vested in the General Assembly and a provision in a statute for a minimum sentence is mandatory and must be obeyed. (*People v. Taylor* (1984), 102 Ill. 2d 201; *People ex rel. Carey v. Bentivenga* (1981), 83 Ill. 2d 537; *People ex rel. Hanrahan v. Wilson* (1971), 48 Ill. 2d 30.) In *People ex rel. Hanrahan v. Wilson* (1971), 48 Ill. 2d 30, the defendant, previously convicted of possession of a narcotic drug, was convicted of possession of heroin and admitted to probation. The Peo-

ple sought *mandamus* directing the circuit court to expunge the order granting probation and sentence the defendant to the penitentiary. The respondent judge in *Hanrahan* contended the imposition of probation was permissible because the People failed to properly establish the defendant's prior conviction. This court held that the respondent's contention that the State's Attorney was required to file a written statement with the court describing the defendant's prior convictions was without merit for the reason that the defendant, in colloquy with the court, admitted that he was then on probation following conviction for possession of a narcotic drug. Here the transcript shows that the court inquired whether either party wished to suggest corrections or changes in the presentence report which contained the information concerning defendant's prior convictions. Defendant did not offer to do so. In *Hanrahan* this court held that because the respondent judge was aware of the defendant's former convictions, *mandamus* should issue directing imposition of sentence pursuant to the pertinent statute. We fail to perceive any distinction between the knowledge possessed by the judge in *People ex rel. Hanrahan* and the judge in this cause, and imposition of sentence on defendant as a Class X offender was clearly mandated.

Unlike what occurred in *People ex rel. Carey v. Scotillo* (1981), 84 Ill. 2d 170, when petitioner's motion for leave to file the instant action was allowed, this court was aware that defendant had appealed to the appellate court. Subsequently an order was entered by this court directing the appellate court "to expedite consideration and disposition of the appeal." If the judgment is affirmed, a writ of *mandamus* will issue directed to the respondent to vacate the sentence imposed, and impose sentence under the provisions of section 5—5—3(c)(8) of the Unified Code of Corrections (Ill. Rev. Stat., 1984

228

Supp., ch. 38, par. 1005—5—3(c)(8)). If the conviction is reversed, or reversed and the cause remanded, the clerk of this court will enter an order dismissing the complaint for *mandamus* as moot.

*Writ conditionally awarded;*
*jurisdiction retained.*