THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LARRY STEWART, Defendant-Appellant.

First District (6th Division) No. 1—86—1485

Opinion filed July 28, 1989.

Michael J. Pelletier and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, William D. Carroll, and Daniel Weiss, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LaPORTA delivered the opinion of the court:

Defendant, Larry Stewart, and codefendant, Otis McCoy, were charged by indictment with burglary. (Ill. Rev. Stat. 1985, ch. 38, par.

19—1.) Following a joint bench trial, defendant was convicted of burglary, and McCoy was found not guilty. After a hearing in aggravation and mitigation, defendant was sentenced to a term of eight years' imprisonment. On appeal, defendant contends that the trial court erred in imposing this sentence. For the reasons stated below, we affirm the judgment of the circuit court.

The evidence adduced at trial established that on April 5, 1985, defendant burglarized the home of the complainant, Lee Oliver Neal. Upon finding defendant guilty, the court revoked his bond and ordered a presentence investigation. Although defense counsel stated that he had no objection to proceeding to sentencing with only the pretrial investigation report, the trial court continued the matter until a presentence investigation report could be prepared. The presentence investigation report reflected, *inter alia,* that defendant had three prior convictions for burglary. For these previous offenses, defendant received a four-year sentence on February 3, 1981, a three-year sentence on October 12, 1982, and another three-year sentence on November 18, 1982. The pretrial investigation report contained defendant's three prior burglary convictions and the sentences imposed as well as a record of defendant's adult criminal history. This record reflected the dates of defendant's arrests and the dates of his previous convictions.

During the sentencing hearing, the prosecutor pointed out defendant's three prior burglary convictions and argued that defendant's background required that he be sentenced as a Class X offender. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8).) Defense counsel stated that he knew nothing about defendant's prior burglary convictions and argued against application of the Class X sentencing provision because defendant had been merely "junking" (removing property from a building he believed to be abandoned) and had not committed "a classic burglary." Defense counsel acknowledged that defendant's background was "not the best in the world," but argued that defendant was "not a violent person" and should not receive a Class X sentence. Defense counsel did not, however, dispute the accuracy or validity of the information contained in the pretrial and presentence investigation reports.

Prior to imposing sentence, the trial judge stated that because defendant's record included three prior burglaries, the court felt that defendant would continue to commit burglary. Accordingly, after consideration of his notes on the case, the arguments of counsel and the presentence investigation report, the trial judge sentenced defendant to a term of eight years.

Burglary is a Class 2 felony (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(b)), and the penalty for a Class 2 felony is imprisonment for not less than three years and not more than seven years (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(5)). In certain circumstances, however, a court may impose a greater sentence.

Section 5—5—3(c)(8) of the Unified Code of Corrections provides as follows:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction on the first; and (3) the third felony was committed after conviction on the second." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8).)

The penalty for a Class X offense is imprisonment for not less than six years and not more than 30 years. Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(3).

Section 5—5—3.2(b)(1) of the Unified Code of Corrections provides that an extended term may be imposed under the following circumstances:

"When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts." (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(1).)

An extended term for a Class 2 felony is not less than seven years and not more than 14 years. Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2(a)(4).

We initially consider defendant's assertion that he was improperly sentenced as a Class X offender because the State failed to prove his prior convictions beyond a reasonable doubt. Defendant claims that his sentence should be vacated because the State failed to introduce certified statements of his prior convictions and failed to identify him as the person convicted.

■ This argument is without merit where defendant did not deny the prior convictions (*People v. Davis* (1983), 95 Ill. 2d 1, 447 N.E.2d 353, *cert. denied* (1983), 464 U.S. 1001, 78 L. Ed. 2d 697, 104 S. Ct.

507; *People v. Davis* (1976), 65 Ill. 2d 157, 357 N.E.2d 792; *People v. Harris* (1987), 157 Ill. App. 3d 70, 510 N.E.2d 107, *appeal denied* (1987), 116 Ill. 2d 567), where defendant failed to correct the information contained in the presentence investigation report and did not dispute the report's accuracy or validity (*Morrow v. Dixon* (1985), 108 Ill. 2d 223, 483 N.E.2d 876; *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9) and, more significantly, where defense counsel specifically stated defendant was willing to proceed to sentencing with only the pretrial investigation report which included the information on defendant's prior convictions and sentences. The trial court did not rely on the pretrial report but instead ordered a presentence report which contained the same information of prior convictions and sentences.

Although *People v. Langdon* (1979), 73 Ill. App. 3d 881, 392 N.E.2d 142, was not cited in his brief, defendant relied on this case at oral argument to support his claim that the State had not sufficiently identified him as the person convicted of the three prior burglaries. We note that the *Langdon* decision was premised upon the holding in *People v. Casey* (1948), 399 Ill. 374, 77 N.E.2d 812, which was rejected by the supreme court in *People v. Davis* (1983), 95 Ill. 2d 1, 31, 447 N.E.2d 353, 367-68, *cert. denied* (1983), 464 U.S. 1001, 78 L. Ed. 2d 697, 104 S. Ct. 507, and in *People v. Davis* (1976), 65 Ill. 2d 157, 164, 357 N.E.2d 792, 795-96.

The *Langdon* decision adopted the *Casey* analysis as follows:

" 'One of the facts to be proved to establish a prior conviction is to show the defendant charged with the commission of the substantive offense was the same person that was convicted and sentenced as shown by the record of the prior conviction.

\* \* \*

The mere proof of a record containing identity of name with that of the defendant on trial is not sufficient to overcome the presumption of innocence where the enhancement of the penalty depends upon the proof of such fact.' " *Langdon*, 73 Ill. App. 3d at 884-85, 392 N.E.2d at 144.

■ Subsequent to the decisions in *Casey* and *Langdon*, the supreme court adopted the general rule that "identity of name gives rise to a rebuttable presumption of identity of person." (*People v. Davis* (1983), 95 Ill. 2d 1, 31, 447 N.E.2d 353, 368, *cert. denied* (1983), 464 U.S. 1001, 78 L. Ed. 2d 697, 104 S. Ct. 507.) Thus, defendant's reliance on *People v. Langdon* is misplaced.

■ It was the obligation of the defendant to bring to the attention of the sentencing court any alleged deficiency or inaccuracy in

the presentence investigation report. (*People v. Meeks* (1980), 81 Ill. 2d 524, 533, 411 N.E.2d 9, 14.) This the defendant failed to do. We note from the adult criminal history for Larry Stewart, which is part of the record before us, that his address at the time of the three prior arrests and felony convictions and at the time of his arrest for the instant offense is identical to that listed in the pretrial and presentence investigation reports for defendant. For this reason, and because of defendant's agreement to proceed to sentencing based on the pretrial report which identified three prior felony convictions, we find defendant has unequivocally acknowledged his identity as the person described in the report.

■ Relying on *People v. Parks* (1988), 168 Ill. App. 3d 978, 523 N.E.2d 130, and on *People v. Harris* (1987), 157 Ill. App. 3d 70, 510 N.E.2d 107, *appeal denied* (1987), 116 Ill. 2d 567, defendant also contends that his sentence should be vacated because the State failed to prove the dates of commission of his prior felony convictions. The record of defendant's adult criminal history contains the dates of arrest and of conviction for each of defendant's previous felonies. We note from this record that defendant was arrested for burglary on January 31, 1981, and he was convicted of that offense on February 3, 1981. On January 25, 1982, defendant was again arrested for burglary and was convicted on October 12, 1982. Defendant was again arrested for burglary on February 8, 1982, and was convicted for that offense on November 18, 1982.

Just as a conviction may be based upon circumstantial evidence and the inferences drawn therefrom (*People v. Williams* (1987), 118 Ill. 2d 407, 515 N.E.2d 1230; *People v. Taylor* (1984), 101 Ill. 2d 508, 463 N.E.2d 705, *cert. denied* (1984), 469 U.S. 866, 83 L. Ed. 2d 140, 105 S. Ct. 309), we believe that it was logical for the trial court to infer that defendant's second felony, for which he was arrested January 25, 1982, was committed after his first felony conviction on February 3, 1981. The instant offense was committed on April 5, 1985, after his conviction of the second felony. The record indicates, therefore, that defendant's offenses and convictions occurred in the sequence required by section 5—5—3(c)(8). Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8); *People v. Harris* (1987), 157 Ill. App. 3d 70, 510 N.E.2d 107.

As noted above, defendant and his counsel were present at the sentencing hearing and made no objection to the application of section 5—5—3(c)(8) on the ground that the State had not adequately proved the dates of commission of his prior convictions. Consequently, defendant's sentence will not be vacated on this basis. (*Morrow v. Dixon*

(1985), 108 Ill. 2d 223, 483 N.E.2d 876; *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9.) We find defendant was properly sentenced as a Class X offender under section 5—5—3(c)(8) of the Unified Code of Corrections. Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8).

Subsequent to oral argument, the State was granted leave to cite additional authority and referred the court to language in *People v. Palmer* (1984), 104 Ill. 2d 340, 472 N.E.2d 795, where it was noted:

"The defendant in *[People v.] Hayes* [(1981), 87 Ill. 2d 95, 429 N.E.2d 490] was claiming prejudice as a result of *the State's failure to include* an allegation that the pending charge was a second or subsequent offense. She was not claiming that the allegation and proof of the prior conviction *should have been excluded* as prejudicial, as did the defendants in *Ostrand* and *Owens.* Therefore, the issue of whether prejudice results when the State alleges and proves the prior conviction was not presented in *Hayes.* Accordingly, any comment the court made regarding that issue is properly characterized as *dicta,* which is not binding authority within the rule of *stare decisis.* [Citation.] Thus *Hayes* holds only that, where a defendant has notice that she is being tried as a felon, a felony conviction for retail theft can be sustained despite the State's failure to allege in the information that the offense charged was a second or subsequent offense of retail theft. (*People v. Hayes* (1981), 87 Ill. 2d 95, 98.) As such, *Hayes* did not overrule *Ostrand* or subsequent cases based thereon." (Emphasis in original.) *Palmer,* 104 Ill. 2d at 347-48, 472 N.E.2d at 799.

Defendant responded, arguing that the supreme court decision in *People v. Palmer* did not alter the burden of proof of prior convictions and that such convictions must be proved beyond a reasonable doubt.

■ Although defendant's prior convictions were not elements of the instant offense, he contends that the State was required to prove them beyond a reasonable doubt. In support of this contention, defendant relies primarily on *People v. Hayes.* In *Hayes,* the defendant's prior conviction was an element of the offense for which she was to be sentenced. *Hayes,* therefore, is factually distinguishable from the instant case. The *Hayes* ruling is limited to its facts and has no precedential application to our case because prior convictions were not elements of the offense for which defendant was convicted. We find, however, that the record here supports the trial court's ruling that defendant's prior convictions were proved beyond a reasonable doubt.

We also find that defendant's eight-year sentence was proper un-

der the statute authorizing extended-term sentences. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2(a)(4).) The evidence in the record established that defendant was convicted of a Class 2 felony. The record also indicated that he had, within the previous 10 years, been convicted of three Class 2 felonies and that these charges were separately brought and tried and arose out of different series of acts. Defendant argues, however, that the trial court could not have sentenced him to an extended term because neither the court nor the State mentioned extended term at sentencing.

■ It is recognized that the court is presumed to know the law and to apply it properly without any prompting. (*People v. Planer* (1987), 161 Ill. App. 3d 938, 942, 515 N.E.2d 1042, 1045; *People v. Gutierrez* (1982), 105 Ill. App. 3d 1059, 1063, 433 N.E.2d 361, 365; *People v. Roberson* (1980), 83 Ill. App. 3d 45, 49, 403 N.E.2d 490, 492.) Section 5—8—2(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2(a)) mandates that the factors enumerated in section 5—5—3.2(b) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)) be found present before an extended term is imposed. The requirement that the court set forth in the record the reasons for a sentence does not, however, obligate the court to recite and assign value to each fact presented at the sentencing hearing. *People v. Meeks* (1980), 81 Ill. 2d 524, 534, 411 N.E.2d 9, 14; *People v. McFarland* (1981), 93 Ill. App. 3d 136, 144, 416 N.E.2d 769, 776.

■ Additionally, a court of review, in considering the appropriateness of punishment, must give great weight to the judgment of the trial court. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The imposition of a sentence is a matter of judicial discretion and, absent an abuse of this discretion, the sentence of the trial court may not be altered upon review. The trial court is normally in a better position to determine the punishment to be imposed than is a court of review. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) We find no such abuse of discretion here.

■ In the instant case, the presentence investigation report reflected that defendant had, within the previous 10 years, been convicted of three Class 2 felonies. As previously stated, defendant failed to correct the information in the presentence investigation report or to dispute the report's accuracy of validity (*Morrow v. Dixon* (1985), 108 Ill. 2d 228, 483 N.E.2d 876; *People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9), and he did not deny the prior convictions (*People v. Davis* (1983), 95 Ill. 2d 1, 447 N.E.2d 353; *People v. Davis* (1976), 65

Ill. 2d 157, 357 N.E.2d 792; *People v. Harris* (1987), 157 Ill. App. 3d 70, 510 N.E.2d 107). In addition, the trial judge specifically referred to defendant's three prior burglary convictions as the basis for the sentence imposed. Thus, the record clearly established that defendant was eligible to be sentenced to an extended term (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(b)(1)) or as a Class X offender under section 5—5—3(c)(8) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(8)).

■■ ■ Although the trial court did not specifically refer to the extended-term provision or to the Class X provision in sentencing defendant, the court's reference to defendant's prior convictions served as a sufficient basis for the sentence imposed. A court of review will not draw negative inferences from a record (*People v. Roberson* (1980), 83 Ill. App. 3d 45, 49, 403 N.E.2d 490, 493), and all reasonable intendments not contradicted by the record are to be taken in favor of the validity of the judgment (*People v. Bassinger* (1949), 403 Ill. 108, 85 N.E.2d 758, *cert. denied* (1949), 337 U.S. 960, 93 L. Ed. 1759, 69 S. Ct. 1524). Where the evidence in the record supports the imposition of either a Class X sentence or an extended term and the defendant has failed to request a statement of reasons for the sentence imposed, the issue cannot be asserted as a ground of error on appeal. *People v. Hicks* (1984), 101 Ill. 2d 366, 462 N.E.2d 473; *People v. Burke* (1985), 136 Ill. App. 3d 593, 483 N.E.2d 674; *People v. Carter* (1984), 129 Ill. App. 3d 1076, 473 N.E.2d 434.

The eight-year sentence imposed by the trial court was well within the sentencing guidelines for both a Class X felony (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(3)) and for an extended term (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2(a)(4)). We find that the prosecution argued in favor of a Class X sentence, and the trial court properly sentenced defendant as a Class X offender. On review we will not disturb the sentence imposed by the trial court.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN, P.J., and QUINLAN, J., concur.