THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ANGEL PEREZ, Defendant-Appellant.

First District (2nd Division)    No. 79-2495

Opinion filed June 9, 1981.

James J. Doherty, Public Defender, of Chicago (R. H. R. Silvertrust, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Georgia A. Buglass, and Martha R. Barglow, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant Angel Perez was indicted for attempt rape (Ill. Rev. Stat. 1977, ch. 38, par. 8—4), deviate sexual assault (Ill. Rev. Stat. 1977, ch. 38, par. 11—3), two counts of indecent liberties with a child (Ill. Rev. Stat. 1977, ch. 38, pars. 11—4(a)(2), 11—4(a)(3)), two counts of unlawful use of weapons (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(10)), two counts of aggravated kidnapping (Ill. Rev. Stat. 1977, ch. 38, par. 10—2(a)(3)), and armed violence (Ill. Rev. Stat. 1977, ch. 38, par 33A-2). A bench trial was held. The trial court found defendant guilty only of the felony of unlawful use of weapons within 5 years of conviction of another felony. Defendant

was sentenced to 8 years. The sole issue raised on this appeal is whether the State failed to prove defendant guilty beyond a reasonable doubt in light of the latter's assertion of the affirmative defense of necessity.

As a consequence of the trial court's disposition of the case, detailed review of most of the circumstances is unnecessary. Only those facts relevant to the issue raised will be set forth.

On the evening of November 7, 1978, defendant became involved in a gun battle in the City of Chicago with members of the Latin Kings street gang. He was eventually taken into custody by officers of the Chicago Police Department.

Investigator Michael Fleming stated that he interviewed defendant at police headquarters that evening. Defendant told Fleming that he had been driving with another man "with the purpose in mind to fire some shots at members of the Latin Kings." (Fleming's language.) Fleming was told by defendant that he made his way to 1753 N. Troy, the home of a friend, where he placed his gun in a coat pocket.

Defendant, a resident of Vernon Hills, testified that on the night in question, he was riding in his car in Chicago with another man. The other yelled out, "stop, there goes the G.B.O." Defendant pulled the car over and turned off the motor. Members of the gang began shooting at the car. Defendant then reached "where I had a gun up under the seat and pulled out the gun. I got out and started shooting at them." Defendant stated that the others fired at him first. He admitted carrying the gun in the car because "[the Latin Kings] have tried to kill me a couple of times." According to defendant, a week before he had gone to a disco owned by the Latin Kings. He was told that they were going to kill him because they had not forgotten that defendant had "shot them before."

On cross-examination, defendant stated that he shot back at the gang members in order to protect himself. He denied that the gang had threatened him earlier because he had shot at some of their members. He admitted carrying a loaded revolver on the night in question. .

## I

Defendant argues that the State failed to prove him guilty beyond a reasonable doubt of the offense of unlawful use of weapons in light of his assertion of the affirmative defense of necessity.[1]

■■ ■ Initially, we note that defendant's brief is couched in part in the terminology of the affirmative defense of justifiable use of force in self-

---

[1] The statute codifying the defense reads:
"Conduct which would otherwise be an offense is justifiable by reason of necessity if the accused was without blame in occasioning or developing the situation and reasonably believed such conduct was necessary to avoid a public or private injury greater than the injury which might reasonably result from his own conduct." Ill. Rev. Stat. 1977, ch. 38, par. 7—13.

defense. (Ill. Rev. Stat. 1977, ch. 38, par. 7—1.) This defense was neither clearly raised at trial nor in any way raised in defendant's written post-trial motion for new trial. It is therefore not properly before this court and will not be considered. (*People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856.) Also, defendant asserts in his brief that the evidence at trial did not show that he "intended to use his gun unlawfully." The crime with which defendant was charged does not require an accused's intent to use a weapon in order for a conviction to result. Rather, the accused need only have knowingly carried or possessed, *inter alia*, a loaded pistol or revolver within the corporate limits of a city. (Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(10); compare Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(2).) Thus, this assertion has no merit.

As to the issue of the necessity defense itself, we note that it is classified as an affirmative defense. (*People v. Taylor* (1975), 31 Ill. App. 3d 20, 25, 332 N.E.2d 735; Ill. Rev. Stat. 1977, ch. 38, par. 7—14.) As such, unless the State's evidence raises the defense for him, the defendant must present "some evidence" in support thereof in order for the defense to be properly raised. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 540, 349 N.E.2d 31 (self-defense); Ill. Rev. Stat. 1977, ch. 38, par. 3—2(a).) Once "some evidence" has been presented, the State then shoulders the burden of proving the accused's guilt beyond a reasonable doubt as to that issue as well as all other elements of the offense. (In other words, the State must disprove the applicability of the defense beyond a reasonable doubt.) (See *People v. Sanchez* (1981), 95 Ill. App. 3d 1006, 420 N.E.2d 680; Ill. Rev. Stat. 1977, ch. 38, par. 3—2(b).) Our initial inquiry, then, is whether the record in this case contains "some evidence" in support of defendant's claim of the necessity defense.

The elements of the affirmative defense of necessity are: (1) that the person claiming the defense was without blame in occasioning or developing the situation, and (2) that this person reasonably believed that his conduct was *necessary* to avoid a greater public or private injury than that which might reasonably have resulted from his conduct.[2] (Ill. Rev. Stat. 1977, ch. 38, par. 7—13.) In our view, the record does not contain even "some evidence" which would satisfy these requirements.

As to the first element of the necessity defense, we perceive the record as failing to provide any indication that defendant was without blame in occasioning the situation which caused him to carry a loaded revolver into the City of Chicago. Defendant testified that certain members of a street gang had threatened his life. He indicated that these

---

[2] Compare the elements of the defense at common law: (1) that the conduct be done to avoid a "significant evil," (2) that no adequate means of escape are present, and (3) that the remedy used is not "disproportionate" to the evil avoided. Arnolds & Garland, *The Defense of Necessity in Criminal Law: The Right to Choose the Lesser Evil*, 65 J. Crim. L. & Criminology 289, 294 (1974).

threats were part of an ongoing feud between him and gang members, a feud which developed at least in part because of the activities of defendant. And there is evidence to indicate defendant, while driving around, stopped to engage in a gun fight. Thus, we cannot find that the record sufficiently demonstrates that the first requirement of the defense has been met.

■■ Neither do we find even "some evidence" in the record which would suffice to meet the second element of the defense. Nothing at trial demonstrates that defendant could have reasonably believed that carrying a loaded revolver was "necessary" to avoid a private injury which he feared. We read this second element of the statutory defense to justify only such otherwise illegal conduct which constitutes the sole reasonable alternative available to the act or in the circumstances. (See generally Tiffany & Anderson, *Legislating the Necessity Defense in Criminal Law*, 52 Den. L. J. 839, 845-46 (1975).) Simple common sense conjoined with the record in this case prohibits the conclusion that the sole reasonable alternative available to defendant was to carry a loaded revolver within the City of Chicago in order to protect himself against threats allegedly made against him. Only the most obvious "more reasonable" alternative, that of avoiding contact with the threatening street gang members by avoiding their "territory," needs mention here. Defendant, however, rather than utilizing a less dangerous alternative, instead may have incited a gun battle by stopping and exiting his car upon sighting members of the gang which allegedly threatened him. While in some other circumstances, violation of the weapons statute provision involved here may be justified by the necessity defense, such is not the case on this occasion.[3]

© 4 In sum, the record here fails to present even minimal evidence which would require the State to bear the burden of proving beyond a reasonable doubt that the necessity defense was unavailable to defendant. Thus, even assuming that the State failed to "come forward" with evidence to contradict or rebut defendant's factual allegations, no reasonable doubt as to his guilt is raised since the affirmative defense of necessity was not given a proper evidentiary foundation in the record.

For these reasons, we reject the contention of defendant and affirm the conviction and sentence entered by the circuit court of Cook County.

Affirmed.

HARTMAN, P. J., and STAMOS, J., concur.

---

[3] Support for our narrow reading of the availability of the necessity defense in weapons cases comes from the Committee Comments to the deadly weapons article of the Criminal Code, which state:

> "The possession and use of weapons inherently dangerous to human life constitutes a sufficient hazard to society to call for prohibition unless there appears appropriate justification created by special circumstances." Ill. Ann. Stat., ch. 38, art. 24, Comm. Comments, at 83 (Smith-Hurd 1977).