THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID PARKER, Defendant-Appellant.

Fifth District   No. 82—488

Opinion filed January 11, 1984.

Randy E. Blue and Patricia McMeen, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Stephen E. Norris, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

By virtue of an information filed in the circuit court of St. Clair County, defendant David Parker was charged with the unlawful use of a weapon in violation of sections 24—1(a)(10) and 24—1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 24—1(a)(10), 24—1(b)). The information alleged that defendant, within five years of his release from the penitentiary on a robbery conviction, knowingly possessed a firearm within the corporate limits of the city of East St. Louis, at a time when he was not on his own land, in his own abode, or at a fixed place of business. Following a jury trial, defendant was found guilty of the offense, and was subsequently sentenced to three years' imprisonment. On appeal, defendant alleges that the trial court erred in failing to instruct the jury on the defense of necessity. We affirm.

The evidence adduced at the trial established that defendant shot Melvin Williams outside of an East St. Louis tavern following an argument between the two men. Anthony Wisham testified for the State that he had given the gun used in the shooting to defendant about one week prior to the time the shooting occurred. While at the tavern on the night of the shooting, Wisham did not see defendant with the gun, and did not know that defendant had the gun until the shooting took place outside. According to Wisham, Williams threatened to pistol whip defendant in the restroom of the tavern. Defendant subsequently left the restroom, picked up his jacket from a chair, went over to the bar, and then walked outside. Williams walked out behind defendant, and the shooting took place thereafter. Wisham indicated that Williams had his hand inside of his coat as if he had a pistol just prior to the shooting.

Additional testimony offered by the State established that defendant was convicted of robbery in 1978, was released from prison in 1979, and did not live in, work in or own the tavern where the events in question occurred. Michael Bragg testified that he had seen defendant in possession of the weapon about one month before the shooting.

The defense called two witnesses, Ricky Clayton and Michael Hodges. Clayton testified that he removed a gun from the hand of Williams after Williams had been shot. The gun was cocked, and Clayton shot himself in the leg. Michael Hodges testified that he was in the tavern on the night of the incident, and saw defendant and Williams engaged in a dice game in the bathroom. According to Hodges, Williams accused defendant of having trick dice, and then pulled a gun on defendant. Hodges did not see defendant with a gun in the bathroom. Hodges left the bar with Williams, defendant, Wisham and others, and observed the shooting. At the time that defendant shot Williams, according to Hodges, Williams was in "a position where he had his hand on his gun."

At an instruction conference held at the close of the State's evidence, defense counsel tendered an instruction on the affirmative defense of necessity. The court refused to give the instruction. Following the presentation of evidence for the defense, counsel again tendered the instruction, and the court again refused to give it. The jury returned a verdict of guilty. A post-trial motion filed by defense counsel was denied, and defendant was subsequently sentenced to three years' imprisonment.

■■ ■ On appeal, defendant argues that the court erred in not giving the requested necessity instruction. In order for a defendant to be entitled to such an instruction, the record must present "some evidence" that he was without blame in occasioning or developing the situation leading to his otherwise unlawful conduct, and that he reasonably believed that such conduct was necessary to avoid a public or private injury greater than the injury which might reasonably have resulted from his own conduct. (Ill. Rev. Stat. 1981, ch. 38, par. 7—13; *People v. Perez* (1981), 97 Ill. App. 3d 278, 280, 422 N.E.2d 945.) In this case, defendant takes the position that he was only shown to have been in possession of the gun at the immediate time of the shooting, and that it was necessary for him to possess the gun at that time in order to prevent a greater injury; namely, the infliction of harm upon him by the victim. As pointed out by the State, however, this characterization of the evidence rests upon the supposition that defendant did not acquire the gun until just before the shooting, and this supposition finds no support in the record. Both Anthony Wisham and Michael Bragg testified to the effect that the gun was in defendant's possession at least a week before the shooting, and the fact that Michael Hodges did not see the gun in defendant's possession in the bathroom does not indicate that defendant did not come into his initial possession of the gun until later. Indeed, the only evidence con-

cerning the change in the nature of the property possessed by defendant between the dice game and the shooting was Wisham's testimony that defendant picked up his own jacket before exiting the tavern. Under these circumstances, there was not "some evidence" tending to show that defendant came into possession of the gun only at the time he needed to protect himself from Williams, and the necessity instruction was properly refused.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

WELCH, P.J., and KARNS, J., concur.