THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEONARD WEIR, Defendant-Appellant.

Third District   No. 3—84—0261

Opinion filed March 6, 1985.

Frederick F. Cohn, of Chicago, for appellant.

Larry Vandersnick, State's Attorney, of Cambridge (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Leonard Weir, appeals his convictions for aggravated assault and unlawful use of weapons following a bench trial in the circuit court of Henry County.

The sole issue presented for review concerns whether the defendant was denied the effective assistance of counsel. Specifically, defendant alleges that his attorney failed to use the trial proceeding to contest the State's attempt to prove him guilty, but merely attempted to present evidence of defendant's intoxication as a mitigating circumstance instead of as an affirmative defense to the charges levied against him.

The evidence at trial indicated that on October 24, 1983, the defendant was near the garage of Steven Van Wynesberg, and that the defendant threatened to kill himself, that a police officer approached the scene and observed the defendant walking to his vehicle

with a sawed-off shotgun and that the defendant placed the weapon in his car. The defendant returned to the Van Wynesberg residence carrying a pistol, that he again threatened to kill himself, that he fired the weapon several times into a dirt pile, shot himself in the stomach, and also fired a number of shots in the vicinity of several police officers who had arrived at the scene. Finally, the defendant refused to surrender until the police promised him in writing that he would be taken to the hospital and treated instead of being arrested.

Several police officers who had been present at the scene of the shooting testified for the prosecution that it was apparent that the defendant was intoxicated, or had been drinking, while other officers contended that in their opinion the defendant was nevertheless able to understand what was going on.

The defendant's testimony was to the effect that he was so intoxicated that he had no recollection, or at most only a fleeting recollection, of what had transpired on the date in question. Specifically, the defendant recalled drinking and then awakening in the hospital where he had been taken due to a self-inflicted gunshot wound.

The two charges brought against the defendant each required that the offender act "knowingly" or with knowledge. Specifically, the four-count information alleged that the defendant had committed the offenses of aggravated assault (Ill. Rev. Stat. 1983, ch. 38, par. 12—2(a)(6), "[k]nows the individual assaulted to be a peace officer," par. 12—2(a)(1), "knowingly pointed a deadly weapon ***"); and unlawful use of weapons (Ill. Rev. Stat. 1983, ch. 38, par. 24—1(a)(7), "knowingly *** carries or possesses a sawed-off shotgun," par. 24—1(a)(4), "knowingly carries concealed on his person except when on his land *** any firearm ***.").

■ Knowledge is therefore an essential element for each offense. (*People v. Infelise* (1975), 32 Ill. App. 3d 224, 336 N.E.2d 559; *People v. Lofthouse* (1974), 18 Ill. App. 3d 378, 309 N.E.2d 608.) The activity, to be an offense, requires the defendant's knowledge of what he is doing; therefore, each is a specific-intent crime. See *People v. Hayes* (1976), 37 Ill. App. 3d 772, 347 N.E.2d 327.

■ The affirmative defense of intoxication (Ill. Rev. Stat. 1983, ch. 38, par. 6—3) provides that a person who is in an intoxicated condition is criminally responsible for his conduct unless the condition negates the existence of the requisite mental state which is an element of the offense, in this case knowledge or acting knowingly. The statute further provides that if the intoxicated condition is involuntarily produced and deprives the defendant of the substantial capacity either to appreciate the criminality of his conduct or to conform his conduct

to the requirements of law, the defense of intoxication is available. Once a defendant raises an affirmative defense by presenting some evidence thereon, the State must then prove the defendant guilty as to that issue, too. Ill. Rev. Stat. 1983, ch. 38, par. 3—2.

Despite the foregoing provisions, defense counsel in the case at bar decided that the defendant's intoxication could not be used as a defense, but wrongfully believed that it could only be used as a factor in mitigation.

Counsel for the defense filed a supplemental answer to discovery which stated:

"1.) Affirmative defense of Intoxication as a mitigating factor. Defendant does not claim that it deprived him of substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

2.) In the event Defendant is convicted of said offense, Defendant intends to enter mitigating testimony of his phychological [*sic*] state. (Generally). Witness: Dr. Paul Hauck, 1800-34d Avenue, Rock Island, IL 61201."

The error was further emphasized by the remarks of both defense counsel and the prosecutor in closing argument. The prosecutor stated:

"Now, on the receipt of a supplemental answer to my pre-trial order, and I think that's a matter of record here, where the only defense that is being alleged here is one used as a mitigating factor. It says here, that the affirmative defense of intoxication is a mitigating factor. Defendant does not claim that it deprived him of substantial capacity to distinguish between criminal conduct or conformance of his conduct within the requirements of law.

\* \* \*

I just want to make sure that so I don't have to argue that you're not alleging voluntary intoxication as an affirmative defense, just saying use it in mitigation?"

Defense counsel made the following statement in final argument:

"No question whatsoever. I certainly feel this is a mitigating factor in any determination by the Court. We're dealing with general intent crimes rather than specific intent. Consequently, I'm aware of the differentiation there, your Honor. However, I would request the Court to take that into consideration."

■ The action of defense counsel in attempting to use clear evidence of the defendant's intoxication only in *mitigation* amounted to only the formality of a trial since he had already in effect pleaded his

client guilty, without his knowledge or consent. (*People v. Stepheny* (1974), 56 Ill. 2d 237, 306 N.E.2d 872.) By merely going through the motions of an adversary proceeding, counsel for the defendant ceased to be an advocate for the accused, and defendant's right to the presumption of innocence was compromised to the point that the result was a foregone conclusion.

No matter how strong the State's evidence may be, counsel for the defendant must (1) either advise his client to plead guilty and obtain his knowing and voluntary acquiescence in such a plea, (2) be a vigorous advocate in his client's defense, or (3) withdraw from the case. Nothing more is required of a lawyer, and nothing less is owed to a defendant.

For the foregoing reasons, the judgment and sentence of the circuit court of Henry County is reversed and the cause remanded with directions that the defendant be given a new trial.

Reversed and remanded.

HEIPLE, P.J., and STOUDER, J., concur.