(No. 61608.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. LEONARD WEIR, Appellee.

*Opinion filed February 21, 1986.*

Neil F. Hartigan, Attorney General, of Springfield, and Larry Vandersnick, State's Attorney, of Cambridge (Jill Wine-Banks and Roma J. Stewart, Solicitors General, and Mark L. Rotert and Scott Graham, Assistant Attorneys General, all of Chicago, and John X. Breslin and Rita Kennedy Mertel, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Frederick F. Cohn, of Chicago, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Following a bench trial in the circuit court of Henry County, the defendant, Leonard Weir, was convicted of two counts each of unlawful use of weapons and aggravated assault, and he was sentenced to prison and fined. The appellate court reversed the convictions and remanded the cause for a new trial, concluding that counsel's failure to present a defense of voluntary intoxication had denied the defendant the effective assistance of counsel. (131 Ill. App. 3d 562.) We allowed the State's petition for leave to appeal (94 Ill. 2d R. 315(a)), and we now reverse the judgment of the appellate court and af-

firm the judgment of the circuit court.

During the afternoon of October 24, 1983, law-enforcement officers were summoned to a home in Kewanee, where the defendant was threatening to kill himself. The defendant was seen placing a sawed-off shotgun in a car and then getting into the car. After several minutes, the defendant got out of the car, leaving the shotgun behind, and walked to a nearby garage. The defendant next produced a pistol and brandished it at the officers; he fired the gun harmlessly into a nearby pile of dirt and later into his side, wounding himself. The defendant's wife, who had arrived while this was going on, delivered to the defendant a written promise from the chief of the Kewanee police department that the defendant would not be arrested if he surrendered the handgun and went to the hospital for treatment of his wound. After seeing the note, the defendant gave up the gun, but before doing so he fired it a third time, at the feet of a deputy, to prove that the weapon was still loaded. The charges of unlawful use of weapons alleged the defendant's possession of a sawed-off shotgun and his carrying a concealed weapon, the pistol; the charges of aggravated assault were based on the defendant's brandishing the pistol, a deadly weapon, at the law-enforcement officers.

Before trial, defense counsel had filed a discovery answer stating that intoxication would be presented only in mitigation and not as a defense to the charges, and disclosing the identity of a psychologist who had examined the defendant and who would testify in his behalf at a sentencing hearing if the defendant were convicted. At trial, then, counsel presented evidence of the defendant's consumption of alcohol on the day in question but did not raise intoxication as a defense. Relatives and acquaintances of the defendant recounted what he had had to drink that day; the defendant testified, and he said that he was unable to recall the events giving rise to the

charges against him. In closing argument defense counsel explained that he had not raised the defense of intoxication because he believed that it could be a defense only to specific-intent crimes and that the offenses charged were not specific-intent crimes. Later, at the sentencing hearing, defense counsel presented evidence of the defendant's alcoholism, including the testimony of the psychologist who had been identified in discovery.

To obtain a new trial, a defendant who asserts that he was denied the effective assistance of counsel must show both a deficiency in counsel's performance and prejudice resulting from that. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Albanese* (1984), 104 Ill. 2d 504.) The deficiency asserted here is counsel's belief that intoxication could not be a defense to the charges against the defendant. Voluntary intoxication is a defense if it "[n]egatives the existence of a mental state which is an element of the offense." (Ill. Rev. Stat. 1983, ch. 38, par. 6—3(a).) All four charges in the information alleged that the defendant acted knowingly. Although some question was raised in the appellate court whether intoxication can be a defense to the offenses that were charged here, on appeal to this court the State does not dispute that the defense could have been asserted. Accordingly, we do not consider the ways in which the appellate court and the parties have classified the offenses as requiring a specific intent or a general intent. For our purposes here, we shall assume that counsel was in error in believing that voluntary intoxication could not be asserted as a defense to the charges against the defendant.

In a narrow range of cases, a defendant complaining of the ineffective assistance of counsel need not demonstrate that he suffered actual prejudice from counsel's deficient performance. (*Strickland v. Washington* (1984), 466 U.S. 668, 691, 80 L. Ed. 2d 674, 696, 104 S. Ct.

2052, 2067; *People v. Hattery* (1985), 109 Ill. 2d 449.) In those cases prejudice will be presumed, and that apparently is what the appellate court did here. Without determining whether counsel's error had prejudiced the defendant, the court held that "[t]he action of defense counsel in attempting to use clear evidence of the defendant's intoxication only in *mitigation* amounted to only the formality of a trial since he had already in effect pleaded his client guilty, without his knowledge or consent. (*People v. Stepheny* (1974), 56 Ill. 2d 237, 306 N.E.2d 872.)" (Emphasis in original.) (131 Ill. App. 3d 562, 565-66.) The appellate court believed that trial counsel's actions here amounted to no more than a gradual plea of guilty to the offenses. We disagree. Unlike *Stepheny*, the case cited by the appellate court, the proceedings here were not tantamount to a guilty plea; the record contains no indication that defense counsel agreed to the defendant's convictions or that the trial became merely a formality. Counsel's presentation of the evidence of the defendant's drinking as a mitigating circumstance, rather than as a defense to the charges, did not operate as a concession of guilt. Moreover, counsel directly contradicted the State's proof of several elements of the offenses charged by presenting testimony to the effect that the defendant did not point the pistol at the officers and did not carry it on his person. We conclude, then, that counsel's actions did not result in a general and unauthorized plea of the defendant's guilt. We decline to presume that the defendant necessarily was prejudiced by counsel's belief that intoxication could not be raised here as a defense to the charges.

To establish actual prejudice resulting from a deficiency in counsel's performance, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable proba-

bility is a probability sufficient to undermine confidence in the outcome." (*Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068.) The defendant here has failed to demonstrate that he was actually prejudiced by trial counsel's error. Although the defendant argues the difficulty of determining, from a record in which the defense of intoxication was not asserted, the probable success of the defense, he does not say what additional evidence of intoxication could have been presented in the proceedings here.

The evidence regarding the defendant's intoxication was conflicting. Although at trial both the prosecution and defense witnesses generally agreed that the defendant appeared to have been drinking, the degree of his impairment was disputed. Different views were given on the effect of the alcohol on the defendant's reasoning, speech, and movement. Evidence regarding the defendant's history of alcoholism was introduced at the sentencing hearing. There, defense counsel presented the testimony of the psychologist who had examined the defendant, as well as the testimony of several other persons who were familiar with the defendant's personal history. They described the development of his alcoholism, his low academic achievement, and his suicidal tendencies. The psychologist believed that the defendant occasionally experienced blackout periods and that he had incurred minimal brain dysfunction as a result of his long history of drinking—he was 42 years old at the time.

At both the trial and the sentencing hearing, the trial judge discounted the evidence of intoxication. In finding the defendant guilty of the two counts alleging aggravated assault, the trial judge explained:

"With respect to the aggravated assaults, the Court agrees with the defendant's position that the intoxication, although mitigating or explanatory in nature, does not

arise to the level of affirmative defense and that the defendant was—was capable of knowing what he was doing when he was doing it, and that all is consistent with the evidence as to his actions and his responses and his ability to respond to the events occurring around him and the communications within his hearing."

Thus, the trial judge essentially found that the defense would have been unavailing. Later, in imposing sentence, having heard all the evidence in mitigation, including the psychologist's testimony, the trial judge said that the defendant's intoxication on the day in question was "perhaps mitigating in nature." The trial judge imposed maximum sentences of imprisonment for the offenses, which suggests that he found the mitigating evidence weak. *Cf. People v. Del Vecchio* (1985), 105 Ill. 2d 414 (defendant not actually prejudiced by counsel's failure to raise insanity defense at trial, in light of jury's later rejection of that evidence when presented at capital sentencing hearing).

Although the defendant testified that he could not recall what had happened, his conduct during the period in question belies the argument that his intoxication could have negatived the mental state of knowledge. The defendant's communications with others, his awareness that he was in trouble, his comprehension of the police chief's note promising him his freedom, and his final act, in giving up the pistol, of firing it at the feet of a deputy to prove that it was still loaded, all indicate that the defendant was acting knowingly. We conclude that there was not a reasonable probability that the defense of intoxication would have succeeded. (See *People v. Madej* (1985), 106 Ill. 2d 201 (in bench trial, court properly rejected defense of voluntary intoxication where evidence showed that defendant acted with requisite mental state, knowledge); *People v. Arnold* (1984), 104 Ill. 2d 209 (trial judge did not err in refusing to give instruction de-

fining defense of voluntary intoxication, where evidence was insufficient to raise defense).) Accordingly, the defendant was not prejudiced by trial counsel's failure to raise that defense, and the defendant's argument that he was denied the effective assistance of counsel at trial must fail.

For the reasons stated, the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*