**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellee,
v.
Francisco I. **Delos Reyes**,
Defendant/Appellant.
Appeal No. 94-009
Traffic Case No. 93-6385
April 12, 1996

---

Submitted on Briefs March 20, 1996

Counsel for appellant: Gregory Baka, Assistant Public Defender, Saipan.

Counsel for appellee: Alan Lane, Assistant Attorney General, Saipan.

BEFORE: TAYLOR, Chief Justice, and VILLA-GOMEZ and ATALIG, Justices.

VILLAGOMEZ, Justice:

■ The appellant, Francisco I. Delos Reyes, appeals his conviction and sentence for driving under the influence of alcohol (DUI).

We have jurisdiction under 1 CMC § 3102(a). We affirm.

## ISSUES & STANDARDS OF REVIEW

■ Delos Reyes presents seven issues for our review:

I. Whether the Superior Court erred in issuing an ex parte order granting the government's motion for a continuance. We review for an abuse of discretion the trial court's decision to grant or deny a continuance.[1]

II. "Whether the Government's conduct in obtaining an ex parte continuance—barely one business day before the scheduled trial—warrants dismissal." Appellant's Brief at 1.[2]

---

[1] *United States v. Pope,* 841 F.2d 954, 956 (9th Cir. 1988); *see also Hwang Jae Corp. v. Marianas Trading & Dev. Corp.,* 4 N.M.I. 142, 143 (1994).

[2] This issue, as presented, was not properly preserved for appeal and, therefore, will not be considered. Prior to trial, Delos Reyes filed a motion to vacate the trial court's ex parte

III. Whether the Superior Court erred in admitting field sobriety test results without the government showing scientific basis for the tests. We review a claim of evidentiary error for an abuse of discretion.[3]

IV. Whether the Superior Court erred in excluding from evidence a learned treatise. We review the trial court's decision to exclude evidence for an abuse of discretion.[4]

V. Whether there was sufficient evidence to establish that Delos Reyes was "under the influence of alcohol." In assessing whether there was sufficient evidence to prove an element of a crime, we review the evidence in the light most favorable to the prosecution to determine whether any reasonable trier of fact could have found the element beyond a reasonable doubt.[5]

VI. Whether there was sufficient unrebutted evidence of "necessity" to establish a defense. This is a mixed question of law and fact reviewable de novo.[6]

VII. Whether Delos Reyes should be resentenced because of improper prosecutorial argument. Where, as here, defense counsel contemporaneously objected to the prosecutor's allegedly improper arguments, we apply a

harmless error test to assess whether it is more likely than not that the prosecutor's conduct affected the fairness of the proceeding.[7]

## FACTUAL & PROCEDURAL BACKGROUND

During the afternoon of September 19, 1993, Officer Sandy Hambros observed a vehicle with its headlights on, traveling over the speed limit and moving erratically from left to right. Officer Hambros turned on his flashing lights and siren and followed the vehicle for half a mile before it stopped. Delos Reyes was driving the car, and could not produce his driver's license. He had a flushed face, bloodshot eyes, slurred speech, and a strong odor of alcohol on his breath.

Officer Hambros administered a roadside field sobriety test, which Delos Reyes failed. Officer Hambros took Delos Reyes to a Department of Public Safety office and re-administered the test. Delos Reyes again failed the test, and Officer Hambros noticed that he was swaying. Delos Reyes refused to take a breathalyzer test. Officer Hambros proceeded to cite Delos Reyes for violation of 9 CMC §§ 7104 (reckless driving), 7105(a)(2) (DUI), 7106 (refusing to submit to breathalyzer test), 2201 (driving without license in possession), and 5304 (improper lane crossing).

The Superior Court scheduled Delos Reyes's trial for December 14, 1993. On Friday, December 10, 1993, the government filed a motion for a continuance. The trial court granted the motion and rescheduled trial for February 14, 1994. The following Monday, Delos Reyes filed a motion to dismiss and to vacate the Superior Court's ex parte order granting a continuance. The government filed a response in opposition to this motion. After status conferences on December 14, 23 and 30, 1993, the court reset trial for January 18, 1994.

At trial, Delos Reyes admitted to drinking three cans of beer within ninety minutes prior to being pulled over by Officer Hambros. Additionally, he testified that he

---

order granting a continuance and to dismiss, because the government was unprepared to go forward on the date set for trial. Excerpts of Record at 4-6. The notice of and record on appeal, however, are silent as to the trial court's specific ruling on the motion to dismiss, notwithstanding Delos Reyes's citation to several trial court orders setting status conference and trial dates. Appellant's Brief at 2; *see also* Excerpts of Record at 25. As a result, we have nothing before us that is properly subject to review with respect to this issue. Com. R. App. P. 10(c), 10(d), 30(b); *Onyeabor v. Pro Roofing, Inc.*, 787 P.2d 525, 527 (Utah Ct. App. 1990) ("The precept that a record should be made of all proceedings applies to conferences in chambers as well as courtroom proceedings"). The parties bear the burden of ensuring that the record they compile will adequately preserve their arguments for review should they choose to appeal. *Onyeabor, supra.*

[3] *Commonwealth v. Palacios*, 4 N.M.I. 330, 333 (1996).

[4] *Commonwealth v. Bordallo*, 1 N.M.I. 208, 217-18 (1990).

[5] *Commonwealth v. Oden*, 3 N.M.I. 186, 191 (1992), *aff'd*, 19 F.3d 226 (9th Cir. 1994).

[6] *See United States v. Brebner*, 951 F.2d 1017, 1024 (9th Cir. 1991) (subjecting trial court's decision to exclude evidence of a particular defense in a jury trial to de novo review); *Palacios*, 4 N.M.I. at 333 (trial court's findings of fact in a criminal case are reviewed for sufficiency of the evidence).

[7] *Commonwealth v. Saimon*, 3 N.M.I. 365, 379-80 (1992).

Delos Reyes provides this Court with only the vaguest idea of what he deems objectionable about the prosecutor's arguments over an eleven-page block of the transcript of the sentencing hearing. Furthermore, he cites no authority in support of his argument that the prosecutor's statements were improper. Thus, we need not consider this issue. *Babauta v. Superior Ct.*, 4 N.M.I. 309, 313 (1995). However, having subjected all eleven cited pages of the sentencing transcript to careful review in an attempt to understand Delos Reyes's argument, we conclude that the prosecutor did not make any remarks that adversely affected the fairness of the proceeding.

was in a hurry to assist his pregnant daughter-in-law, who was having labor pains.[8]

The trial court found Delos Reyes guilty of DUI, driving without a license in his immediate possession, and refusing to submit to a breathalyzer test. The court suspended Delos Reyes's driver's license for ninety days and further sentenced him to a fine, jail time, community service, and alcohol information class. Delos Reyes challenges only his DUI conviction and his sentence.

## ANALYSIS

### I. Issuance of Ex-Parte Order Granting Motion for a Continuance

 A trial court has wide latitude in determining the manner of conducting trials.[9] This includes the granting of continuances deemed necessary to the furtherance of justice.

Here, it is unclear why the government waited until December 10, 1993—four days before trial[10]—to move for a continuance because there was no prosecutor available to try the case. The record indicates that, prior to filing its motion, the government unsuccessfully tried to get defense counsel to stipulate to a continuance. Excerpts of Record at 2-20. Thus, defense counsel had reason to know that a request by the government for a continuance could be anticipated.

Although the trial court granted the continuance without giving Delos Reyes an opportunity to be heard, the record shows that the court held a status conference on December 14, 1994, the day following the filing of Delos Reyes's motion to vacate the ex parte order granting a continuance. Excerpts of Record at 21. The trial court then moved up the trial date after hearing from Delos Reyes.

 Delos Reyes claims prejudice, noting that as a result of the case not going to trial as originally scheduled, a defense corroborating witness (his daughter-in-law) was unable to testify at trial. However, Delos

Reyes does not explain how the missing witness's testimony would have helped him.[11] We conclude that the trial court did not abuse its discretion in granting the request for a continuance.

### II. Admission of Field Sobriety Test Results without a Showing of Scientific Basis

 Delos Reyes asserts that the field sobriety test results constitute scientific information which may not be introduced into evidence unless a scientific foundation is laid. In *Commonwealth v. Palacios*, 4 N.M.I. 330 (1996), we held that field sobriety test results are not scientific evidence subject to the requirements of Com. R. Evid. 702.[12] Thus, the government was not required to lay a scientific foundation prior to introducing the results.

Delos Reyes does not contend that the foundation for Hambros's testimony was otherwise inadequate.[13] We conclude, therefore, that the trial court did not abuse its discretion in admitting the test results.

### III. Exclusion of Learned Treatise

 Com. R. Evid. 803(18) authorizes the trial court to admit into evidence,

[t]o the extent called to the attention of an *expert witness* upon cross-examination or relied upon by him in direct examination, statements contained in . . . periodicals . . . on a subject of . . . science . . . *established as a reliable authority* by the testimony or admission of the witness or by other expert testimony or by judicial notice.[14]

Here, during the cross-examination of Officer Hambros, Delos Reyes moved to admit an article, or statements

---

[8] Delos Reyes also testified that his daughter-in-law had her baby six days later. Excerpts of Record at 67, 70. The parties do not dispute that the daughter-in-law was not in the car when Officer Hambros stopped Delos Reyes.

[9] *Pope*, 841 F.2d at 956.

[10] The record shows that the government filed its motion on a Friday, requesting a continuance of the trial that was originally set for the following Tuesday. Excerpts of Record at 2-3.

[11] The appellant bears the burden of pointing out clearly and specifically the error asserted on appeal. *City of Albuquerque v. Westland Dev. Co., Inc.*, 909 P.2d 25, 36 (N.M. Ct. App.), *cert. denied*, ___ P.2d ___ (N.M. Dec. 13, 1995). Where the appellant fails to carry this burden, we need not even address his or her argument. *Id.*

[12] *Palacios*, 4 N.M.I. at 333.

[13] *See id.*

[14] Com. R. Evid. 803(18) (emphasis added).

from it, about field sobriety tests. The trial court denied Delos Reyes's request. We find no error.

First, under corresponding Fed. R. Evid. 803(18), "treatises must . . . be offered along with expert testimony."[15] Officer Hambros did not testify as an expert witness.

Second, the proponent of a learned treatise must show that the article is reliable authority.[16] Delos Reyes has not drawn this Court's attention to any portion of the record where he attempted to establish that the article in question, entitled "I May Flunk, But I Ain't Drunk," is a reliable authority on the topic of field sobriety tests. The trial court did not abuse its discretion in refusing to admit the tendered treatise.

## IV. Sufficiency of the Evidence

■ "A challenge to the sufficiency of evidence in a criminal case requires the Court to consider the evidence in the light most favorable to the government and to determine whether any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[17] A review of the record in this case shows that there was adequate evidence to support findings beyond a reasonable doubt on every element of DUI.

■ Officer Hambros testified that he observed Delos Reyes' car speeding and swerving, and that Delos Reyes did not pull over for half a mile after Officer Hambros began pursuing him. Officer Hambros further testified that Delos Reyes smelled of alcohol, had bloodshot eyes and slurred speech, and failed both field sobriety tests. Delos Reyes himself admitted to having consumed three cans of beer within ninety minutes prior to driving. We hold that, based on the evidence before the trial court, it did not err in finding Delos Reyes guilty of DUI.

## V. Necessity Defense

Delos Reyes contends that the trial court, as the finder of fact, erred in failing to acquit him based on a necessity defense. We find no error.

■ A defendant establishes the affirmative defense

of necessity when he or she shows, by a preponderance of the evidence,[18] that: (1) the act charged was done to prevent a significant evil; (2) there was no adequate alternative; and (3) the harm caused was not disproportionate to the harm avoided.[19] In the Commonwealth, necessity is not a statutory defense, but may be invoked as a defense available at common law.[20]

■ The trial court took note of Delos Reyes's testimony that "he was in a hurry to assist his daughter-in-law who was in labor."[21] The court proceeded, however, to convict Delos Reyes of DUI based on, among other things, Delos Reyes's admission that he drank "no more than three . . . cans of beer about 90 minutes prior to the stop."[22] Assuming that Delos Reyes introduced enough evidence, as matter of law, to raise a question for the trier of fact,[23] the trial court found that he did not show by a preponderance of the evidence that it was necessary for him to drive while intoxicated in

---

[18] Under the Commonwealth Code,

[i]f [a] defense is an affirmative defense, the defendant is entitled to an acquittal if the trier of fact finds that the evidence, when considered in the light of any contrary prosecution evidence, proves by a preponderance of the evidence the specified fact or facts which negate penal liability.

6 CMC § 251(b)(2).

[19] *Degler v. Alaska*, 741 P.2d 659, 661 (Alaska Ct. App. 1987) (quoting *Nelson v. Alaska*, 597 P.2d 977, 979 (Alaska 1979)).

[20] *See* 6 CMC § 251(d) ("Nothing contained in this title is to be construed to deny a defendant the right to raise any defense available at common law").

[21] *Commonwealth v. Delos Reyes*, Traf. No. 93-6385 (N.M.I. Super. Ct. Jan. 19, 1994) (order at 2).

[22] *Id.* The trial court also found "credible the testimon[y] of the officer who saw the on-coming vehicle and trailed [Delos Reyes]." *Id.*

[23] Courts in similar cases have concluded that a defendant was not justified in driving a vehicle. *See, e.g., Oregon v. Haley*, 667 P.2d 560, 564 (Or. Ct. App. 1983) (affirming trial court's decision to withdraw DUI defendant's necessity defense from the jury where trial court found no evidence of urgent circumstances, and record showed no evidence of attempt by defendant to arrange alternative, available transportation to hospital for injured relative).

---

[15] 4 Christopher B. Mueller & Laird C. Kirkpatrick, FEDERAL EVIDENCE § 468 (2d ed. 1994).

[16] *Cf. id.* (discussing Fed. R. Evid. 803(18)).

[17] *Palacios*, 4 N.M.I. at 334.

order to assist his daughter-in-law.[24] Delos Reyes, in challenging such a finding, is basically asking this Court to reweigh the evidence, which we are not at liberty to do.[25]

## CONCLUSION

Based on the above analysis, we **AFFIRM** Delos Reyes's conviction and sentence.

---

[24] *Cf. Illinois v. Planer*, 515 N.E.2d 1042, 1045 (Ill. Ct. App. 1987) (holding that, in probation revocation proceeding, evidence failed to establish necessity for driving without a license where defendant claimed to have been a passenger in a car being driven by his pregnant fiancé, who allegedly began to experience such extreme pain that defendant had to drive), *appeal denied*, 522 N.E.2d 1253 (Ill. 1988).

[25] 1 CMC § 3103 (when reviewing trial court decisions, Supreme Court must give due regard "to the opportunity of the trier of fact to judge the credibility of witnesses"); *Commonwealth v. Cabrera*, 4 N.M.I. 240, 246 (1995).